# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### BENTON DIVISION

| | |
|---|---|
| WESLEY GILLILAND,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-01152<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes WESLEY GILLILAND ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of UNITED COLLECTION BUREAU, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Pulaski County, Illinois, which lies within the Southern District of Illinois.

5. Defendant is a third-party debt collector servicing a variety of industries, including government, healthcare, utilities, financial services, communication, and student loans.[1] Defendant is a corporation organized under the laws of the State of Ohio, with its principal place of business located 5620 Southwyck Boulevard, Toledo, Ohio 43614. Defendant's registered agent, Corporation Service Company, is located at 50 West Broad Street, Suite 1330, Columbus, Ohio 43215. Defendant collects from consumers throughout the United States, including those within the State of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a consumer debt ("subject debt") from Plaintiff.

8. Since at least early September 2020, Plaintiff has been receiving calls to his cellular phone number, (618) XXX-2105, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2105. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://ucbinc.com/resources/

10. Defendant uses several different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (800) 210-3534 and (800) 935-1798.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Plaintiff was taken aback by Defendant's phone calls, as he never had a relationship with Defendant, nor did he ever give Defendant permission to contact him.

13. Upon answering phone calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before he is connected with a live representative.

14. Upon speaking with Defendant, Plaintiff is informed that Defendant is seeking to collect upon an outstanding debt said to be owed by an individual named "Samuel Lewis."

15. Plaintiff is unfamiliar with any individual by that name, so he informed Defendant that it was calling the wrong party and demanded that it stop calling.

16. Despite knowing that it was contacting a non-debtor, Defendant has continued to place calls to Plaintiff's cellular phone through the present day.

17. Plaintiff has received not less than 20 phone calls from Defendant seeking to collect upon a debt owed by an individual with whom Plaintiff is unaware.

18. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

20. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, and increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1961.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b & c(b)**

28. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location

---

[2] http://www.acainternational.org/search#memberdirectory

4

information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

29. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by an individual named "Samuel Lewis." Plaintiff never gave Defendant permission to contact him, and he explicitly notified Defendant that he was not the individual it was looking for and demanded that it stop calling. Defendant had more than enough information to know that the number it was calling did not belong to Plaintiff. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone.

    b. **Violations of FDCPA §1692c(a)(1) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 20 times in an effort to collect upon a debt that Plaintiff did not incur. This repeated behavior of

systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and volume of calls shows that Defendant intended to annoy and harass Plaintiff into making a payment on a debt that he does not owe.

32. Defendant was notified by Plaintiff that its calls were not welcome and that he was unaware of "Samuel Lewis."  As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

    c. **Violations of FDCPA §1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 20 times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though he was not the debtor.

36. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it never had consent to contact him in the first place.

    d. **Violations of FDCPA §1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff asking to speak with an individual who was not Plaintiff. Attempting to coerce payment by placing voluminous phone calls from a non-debtor, especially after becoming privy to the fact that it is contacting the wrong person and told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, WESLEY GILLILAND, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 30th day of October, 2020.                    Respectfully Submitted,

                                                          */s/ Taxiarchis Hatzidimitriadis*
                                                          Taxiarchis Hatzidimitriadis #6319225
                                                          David S. Klain #0066305
                                                          CONSUMER LAW PARTNERS, LLC
                                                          333 N. Michigan Ave., Suite 1300
                                                          Chicago, Illinois 60601
                                                          (267) 422-1000 (phone)
                                                          (267) 422-2000 (fax)

teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Wesley Gilliland*